IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON GREGORY LEAL, § | |
| MOVANT, § | |
| § | |
| v. § | CIVIL CASE NO. 3:20-CV-3475-N-BK |
| § | (CRIMINAL CASE NO. 3:16-CR-15-N-1) |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Brandon Gregory Leal's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

In 2016, Leal pled guilty to transportation of child pornography and was sentenced to 240 months' imprisonment and a supervised release term of life. He was also ordered to pay $58,415 in restitution. *United States v. Leal*, No. 3:16-CR-15-N-1, Crim. Doc. 35 (N.D. Tex. Aug. 23, 2016), *aff'd*, 933 F.3d 426 (5th Cir. 2019) (affirming restitution order), *cert. denied*, 140 S. Ct. 628 (Dec. 9, 2019).[2] On November 23, 2020, Leal timely filed his Section 2255 motion, asserting his trial counsel was ineffective for failing to challenge the restitution order under

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] The *pro se* notice of appeal was filed in a related case. *Leal*, 933 F.3d at 429

*Paroline v. United States*, 572 U.S. 434 (2014). Doc. 1 at 5; Doc. 2. However, a claim challenging restitution is not cognizable on Section 2255 review, even when, as here, it is couched as a claim of ineffective assistance of counsel.

A petitioner's claim that counsel was ineffective for failing to challenge ordered restitution does "not pertain to unlawful custody and, accordingly, fall[s] outside the scope of section 2255." *United States v. Walker*, 78 F.3d 582, 1996 WL 60750, at *3 (5th Cir. 1996) (citing *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994) (limiting "the types of claims cognizable under § 2255 to claims relating to unlawful custody," and not those relating "only to the imposition of a fine")). *See also United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) (extending the holding in *Segler* to bar section 2255 claims relating to restitution).

For the foregoing reasons, Leal's Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on December 3, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).